# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JACKSON LEE,

                Plaintiff,

v.

STOCKX LLC,

                Defendant.

Case No. 2:25-cv-11668

Judge Laurie J. Michelson

Magistrate Judge Elizabeth A. Stafford

---

SANDERS LAW GROUP
Craig B. Sanders
333 Earle Ovington Boulevard
Suite 402
Uniondale, NY 11553
Tel: 516-203-7600
Fax: 516-282-7878
csanders@sanderslaw.group

*Attorneys for Plaintiff Jackson Lee*

KILPATRICK TOWNSEND &
STOCKTON LLP
Robert N. Potter
Briggs M. Wright
3 Times Square
New York, NY 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
rpotter@ktslaw.com
briggs.wright@ktslaw.com

*Attorneys for Defendant StockX LLC*

MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
Kimberly A. Berger (P56165)
Anita C. Marinelli (P81986)
MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
berger@millercanfield.com
marinelli@millercanfield.com

*Attorneys for Defendant StockX LLC*

KILPATRICK TOWNSEND &
STOCKTON LLP
Charles H. Hooker III (*to be admitted*)
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6376
chooker@ktslaw.com

*Attorneys for Defendant StockX LLC*

---

# DEFENDANT STOCKX LLC'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant StockX LLC ("StockX"), by and through undersigned counsel, hereby submits its Answer to the First Amended Complaint, filed by Jackson Lee ("Plaintiff") on July 24, 2025.

## INTRODUCTION

1.  StockX admits that Plaintiff purports to bring this action for copyright infringement and to recover alleged damages. StockX otherwise denies as untrue the allegations set forth against it in Paragraph 1.

2.  StockX lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 and on that basis denies as untrue each and every one of them.

3.  StockX admits that it operates an online marketplace for sneakers, apparel, electronics, collectibles, trading cards and accessories. StockX further admits that it facilitates auctions between buyers and sellers, and that items sold on the StockX marketplace undergo either a physical verification process or are sold from a StockX verified seller. StockX otherwise denies as untrue the allegations set forth against it in Paragraph 3.

4.  StockX admits that buyers on its platform incur a processing fee, that sellers on its platform incur a transaction fee and a payment processing fee, and

2

that these fees are based on percentages of the sale price. StockX otherwise denies as untrue the allegations set forth against it in Paragraph 4.

5. StockX admits that its website is located at the domain <stockx.com>. StockX otherwise denies as untrue the allegations set forth against it in Paragraph 5.

6. StockX admits that its social media account on X has the handle @stockx and that the account has approximately 333,000 followers. StockX otherwise denies as untrue the allegations set forth against it in Paragraph 6.

7. Paragraph 7 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 7.

## PARTIES

8. StockX lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 and on that basis denies as untrue each and every one of them.

9. StockX admits the allegations in Paragraph 9.

## JURISDICTION AND VENUE

10. StockX admits that Plaintiff purports to bring this action under the Copyright laws of the United States, 17 U.S.C. §§ 101 *et seq.*, and 28 U.S.C. §

1338(a) and admits that the Court has subject matter jurisdiction of this action to the extent the claims alleged against StockX arise under Title 17 of the United States Code.

11. Paragraph 11 sets forth legal conclusions to which no response is required. StockX admits the allegations in Paragraph 11. To the extent a response is required, StockX admits that it has a principal place of business located in this District and is subject to this Court's jurisdiction.

12. Paragraph 12 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 12.

## FACTS COMMON TO ALL CLAIMS

13. StockX lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 and on that basis denies as untrue each and every one of them.

14. StockX lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 and on that basis denies as untrue each and every one of them.

15. StockX lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 and on that basis denies as untrue each and every one of them.

16. StockX lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 and on that basis denies as untrue each and every one of them.

17. StockX lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 and on that basis denies as untrue each and every one of them.

18. StockX lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 and on that basis denies as untrue each and every one of them.

19. StockX lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 and on that basis denies as untrue each and every one of them.

20. StockX lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 and on that basis denies as untrue each and every one of them.

21. Paragraph 21 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX admits that it operates a website at the registered domain <stockx.com>, but otherwise denies as untrue the allegations set forth against it in Paragraph 21.

22. Paragraph 22 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX admits that it operates a website at the registered domain <stockx.com>, but otherwise denies as untrue the allegations set forth against it in Paragraph 22.

23. StockX admits that its website is a component of its business. StockX otherwise denies as untrue the allegations set forth against it in Paragraph 23.

24. StockX denies as untrue the allegations set forth against it in Paragraph 24.

25. Paragraph 25 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX admits that it owns a social media account on the platform X with the handle @stockx, but otherwise denies as untrue the allegations set forth against it in Paragraph 25.

26. Paragraph 26 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX admits that it owns a social

media account on the platform X with the handle @stockx, but otherwise denies as untrue the allegations set forth against it in Paragraph 26.

27. StockX denies as untrue the allegations set forth against it in Paragraph 27.

28. StockX denies as untrue the allegations set forth against it in Paragraph 28.

29. StockX denies as untrue the allegations set forth against it in Paragraph 29.

30. Paragraph 30 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 30.

31. Paragraph 31 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 31.

32. Paragraph 32 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 32.

33. Paragraph 33 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 33.

34. StockX admits that sellers on its platform have offered the Louis Vuitton Alma Monogram BB Brown bag. Stock denies as untrue the remaining allegations set forth against it in Paragraph 34. The URL https://stockx.com/louis-vuitton-alma-monogram-bb-brownwas does not resolve to a webpage with content regarding the Louis Vuitton Alma Monogram BB Brown bag.

35. Paragraph 35 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 35.

36. Paragraph 36 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 36.

37. StockX lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 and on that basis denies as untrue each and every one of them.

38. Paragraph 38 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 38.

39. Paragraph 39 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 39.

40. Paragraph 40 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 40.

41. Paragraph 41 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 41.

42. Paragraph 42 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 42.

43. Paragraph 43 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 43.

44. Paragraph 44 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 44.

45. Paragraph 45 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 45.

46. Paragraph 46 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 46.

47. StockX denies as untrue the allegations set forth against it in Paragraph 47.

48. StockX denies as untrue the allegations set forth against it in Paragraph 48.

49. Paragraph 49 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 49.

50. Paragraph 50 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 50.

51. Paragraph 51 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 51.

52. StockX admits that counsel for Plaintiff sent a letter to StockX dated June 26, 2024. StockX otherwise denies as untrue the allegations set forth against it in Paragraph 52.

53. StockX admits counsel for Plaintiff sent a letter to StockX dated August 2, 2024. StockX otherwise denies as untrue the allegations set forth against it in Paragraph 53.

54. StockX denies as untrue the allegations set forth against it in Paragraph 54. Indeed, the very day that StockX received the August 2, 2024 correspondence, StockX acknowledged receipt of it as well as the June 26, 2024 correspondence. In an August 2, 2024, message to Plaintiff's counsel, StockX advised that it had removed the Photograph from its X account @stockx that very day, and from its blog on June 28, 2024—only *two days* after Plaintiff's June 26, 2024, correspondence. StockX further denies as untrue that Plaintiff was forced to seek judicial intervention, as StockX addressed the issue within days of receiving correspondence from counsel for Plaintiff. Upon information and belief, Plaintiff's counsel received StockX's August 2, 2024, correspondence, but never responded.

11

55. Paragraph 55 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 55.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. § 501 et seq.)*

56. In response to Paragraph 56, StockX repeats and realleges its responses to Paragraphs 1-55 as if fully set forth herein.

57. Paragraph 57 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 and on that basis denies as untrue each and every one of them.

58. Paragraph 58 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 and on that basis denies as untrue each and every one of them.

59. Paragraph 59 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 and on that basis denies as untrue each and every one of them.

60. Paragraph 60 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 60.

61. Paragraph 61 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 61.

62. Paragraph 62 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 62.

63. Paragraph 63 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 63.

64. Paragraph 64 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 64.

65. Paragraph 65 sets forth legal conclusions to which no response is required. To the extent a response is required, StockX denies as untrue the allegations set forth against it in Paragraph 65.

## RESPONSE TO JURY DEMAND

66. Paragraph 66 sets forth Plaintiff's jury demand to which no response is required.

## RESPONSE TO PRAYER FOR RELIEF

StockX denies as untrue that Plaintiff is entitled to any of the relief requested.

## STOCKX'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim

Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### Laches

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### Waiver

Plaintiff, through his conduct, representations, and omissions, has waived, relinquished, or abandoned any claims for relief.

## FOURTH AFFIRMATIVE DEFENSE
### Estoppel

Plaintiff is barred from pursuing his claims, in whole or in part, based on the equitable doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### Acquiescence

Plaintiff is barred from pursuing his claims, in whole or in part, based on the equitable doctrine of acquiescence.

## SIXTH AFFIRMATIVE DEFENSE
### Statute of Limitations

Plaintiff is barred from pursuing his claims, in whole or in part, by the applicable statute of limitations.

**WHEREFORE**, StockX prays for judgment as follows:

1. That Plaintiff takes nothing by way of its First Amended Complaint;

2. That the First Amended Complaint be dismissed in its entirety with prejudice;

3. That StockX be awarded its costs of suit incurred herein in connection with this action, including reasonable attorneys' fees; and

4. For such other and further relief as the Court deems just and proper.

DATED: August 7, 2025                    Respectfully submitted,

                                         MILLER, CANFIELD, PADDOCK AND
                                         STONE, P.L.C.

By: */s/ Anita C. Marinelli*
Kimberly A. Berger (P56165)
Anita C. Marinelli (P81986)
150 West Jefferson Ave., Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
berger@millercanfield.com
marinelli@millercanfield.com


KILPATRICK TOWNSEND & STOCKTON LLP
Charles H. Hooker III (*to be admitted*)
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6376
chooker@ktslaw.com

KILPATRICK TOWNSEND & STOCKTON LLP
Robert N. Potter
Briggs M. Wright
3 Times Square
New York, NY 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
rpotter@ktslaw.com
briggs.wright@ktslaw.com

*Attorneys for Defendant StockX LLC*